



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN - 6 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LISA ARMSTRONG,<br><br>    Plaintiffs,<br><br>    vs.<br><br>HUNTER WARFIELD OF NEW ENGLAND, INC., a/k/a HUNTER WARFIELD, INC.,<br><br>    Defendant. | Civil Action No.<br><br>**4-11CV-374.-A**<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.      Plaintiff, Lisa Armstrong, brings this action under the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex.

Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter

E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages,

injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the

TDCA and the DTPA.

2.      Defendant, Hunter Warfield of New England, Inc. ("Hunter Warfield") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Oak Forest Apartments for back rent and a variety of other charges stemming from an apartment home. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  The alleged debt is not a business debt, and would have been incurred for ordinary living expenses arising from the rental of an apartment home.  Plaintiff disputes the debt.

### Jurisdiction and Venue

3.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4.      Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

### Parties

5.      Plaintiff is a citizen of the State of Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and  Tex. Finance Code § 392.001(1).

6.      Hunter Warfield is an entity engaged in the business of collecting consumer debts in the Northern District of Texas.  The principal purpose of Hunter Warfield's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others.  Hunter Warfield is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex.

Finance Code § 392.001(6). Hunter Warfield is also a "third-party debt collector" as defined by Tex.
Finance Code § 392.001(7).

## Factual Allegations

7.     On or about January 24, 2011 an individual using the name "Adam Rock" telephoned
the Plaintiff on her cellular telephone and left this message for her:

> "Hello, this message is for Lisa Armstrong.  This is Adam Rock.  I have a
> decision to make and I'd like to speak with you before making it.  It is notice
> for the record that today is January 24th and it is approximately 7:40.  You can
> reach my office by calling 813-283-4616.  It is important that I speak with
> you as soon as possible, as my decision will me made whether or not you
> return the call.  I hope to speak to you today."

8.     The call did not identify that it was in connection with the collection of a debt, nor
that it was from Hunter Warfield.

9.     Plaintiff returned the call and learned that "Adam Rock" is a collector.  When
Plaintiff informs "Adam Rock" that she is unable to meet his payment demands, he gives her 24
hours to find someone to help her pay the debt he is attempting to collect.

10.    Plaintiff calls back on January 25th, however "Adam Rock" is not available.  That
same day, "Adam Rock" calls Plaintiff's ex-husband.  The purpose of the call to Plaintiff's ex-
husband was that "he was looking for Lisa Armstrong."

11.    "Adam Rock" also left a message on Plaintiff's boyfriend's cellular telephone,
allegedly because he was looking to speak to Plaintiff.

12.    On January 26, 2011, Plaintiff spoke to "Adam Rock" and inquired as to why he
would call both her ex-husband and boyfriend, as he was aware of her telephone number.  "Adam
Rock" justified the calls by claiming that they were made as part of an "asset investigation."

13.     The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

14.     The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

15.     The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

### First Claim for Relief

16.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

    a.      In violation of 15 U.S.C. 1692c(b), the Defendant communicated with a third party (a person other than the Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the creditor's attorney, or the Defendant's attorney) without the Plaintiff's prior consent in connection with the collection of a consumer debt.

    b.      In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included calling others for purposes other than obtaining location information of the Plaintiff. Those purposes included embarrassment of the Plaintiff, and an attempt to coerce Plaintiff into making a payment arrangement with the Defendant.

    c.      In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt, stating that some decision would be made regarding the Plaintiff when so such decision would be made. Defendant's reasons for making these statements were to create a false sense of urgency, thereby coercing Plaintiff

into making some payment arrangement with Defendant.

d.  In violation of 15 U.S.C. § 1692e(11), the Defendant failed to disclose in a subsequent communication that the call was from a debt collector.

e.  In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included calling others for purposes other than obtaining location information of the Plaintiff. Those purposes included embarrassment of the Plaintiff, and an attempt to coerce Plaintiff into making a payment arrangement with the Defendant.

17.  Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

18.  The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

a.  In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant took an action prohibited by law.

b.  In violation of Tex. Fin. Code Ann. § 392.302(1), Defendant attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

c.  In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

d.  In violation of Tex. Fin. Code § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

19.  Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**Third Claim for Relief**

20.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

      a.     Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

21.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiffs for injunctive relief and reasonable attorney's fees. Specifically, Plaintiff seeks to enjoin Defendant from making calls to persons other than the Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the creditor's attorney, or the Defendant's attorney) without the Plaintiff's prior consent in connection with the collection of a consumer debt.

**Prayer for Relief**

WHEREFORE, the Plaintiffs pray that this Court:

1.     Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2.     Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3.     Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4.     Grant such further relief as deemed just.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lisa Armstrong

*ORIGINAL*

**(b)** County of Residence of First Listed Plaintiff    Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek; The Law Office of Jerry Jarzombek, PLLC;
714 W. Magnolia Avenue; Fort Worth, TX 76104; 817-348-8325

## DEFENDANTS
Hunter Warfield of New England a/k/a Hunter Warfield, Inc.

**4-11CV-374.-A**

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

*RECEIVED*
JUN - 6 2011
4:04    nal

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq
Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $
1,000.00 +

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)    (See instructions)
PENDING OR CLOSED:

JUDGE

DOCKET NUMBER

DATE
06/06/2011

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY
RECEIPT #  FW14443    AMOUNT  $350.00    APPLYING IFP    JUDGE    MAG. JUDGE